come final before sentencing with the defendant's consent. FED.R.CRIM.P. 32.2(b)(4)(A); *see United States v. Stone,* 435 Fed.Appx. 320, 321–22 (5th Cir.2011).

Mills's interest in the forfeited property was resolved by the preliminary order of forfeiture, which became final as to him at sentencing. FED.R.CRIM.P. 32.2(b)(4)(A); *De Los Santos,* 260 F.3d at 448. Consequently, he no longer had any interest in the property when the court entered the final order of forfeiture. *See Stone,* 435 Fed.Appx. at 321–22; *see also United States v. Petrie,* 302 F.3d 1280, 1284 (11th Cir.2002) (noting that "all post-sentencing activities authorized by Rule 32.2 concern third-party interests"). Because the order did not implicate Mills's rights to the property, he lacks standing to appeal. *See De Los Santos,* 260 F.3d at 448. Mills makes some assertions that could be liberally construed as a challenge to the preliminary forfeiture order, but we do not consider them, because they were not raised in his opening brief. *See Morin v. Moore,* 309 F.3d 316, 328 (5th Cir.2002).

Accordingly, the motion to dismiss the appeal for want of jurisdiction is GRANTED, and the appeal is DISMISSED. The government's alternate motions for summary affirmance or for an extension of time to file its brief are DENIED as moot.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel PATRICK, Defendant–Appellant.**

**No. 15–40269**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 23, 2015.

John Richard Berry, Renata Ann Gowie, Assistants U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Daniel Patrick, Coleman, FL, pro se.

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Daniel Patrick, federal prisoner # 49584–179, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for possession of 100 kilograms or more of marijuana with intent to distribute. Patrick argues that he is entitled to a reduction in his sentence pursuant to Amendment 782 to the Sentencing Guidelines because he was sentenced under U.S.S.G. § 2D1.1 and his guidelines sentence range was reduced by Amendment 782. He requests the appointment of counsel for the purposes of oral argument.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.